IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

| | | |
|---|---|---|
| JUSTIN L. PARHAM, | § | CIVIL ACTION NO. _____, |
| Individually and on Behalf of All | § | |
| Others Similarly Situated, | § | |
| | § | |
| *Plaintiffs,* | § | COLLECTIVE ACTION |
| | § | |
| v. | § | |
| | § | |
| | § | |
| HYDROCHEM LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |

**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT**
**UNDER THE FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

1.      Plaintiff JUSTIN PARHAM ("Plaintiff Parham" or "Parham") brings this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA" or the "Act") on behalf of himself and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)), an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2.      Defendant has violated the FLSA within the past three years by not paying its project managers (including Plaintiff Parham and others similarly situated) for the overtime hours they worked.

3.      Plaintiff, as the putative collective/class representative, seeks certification of this suit as a collective action on behalf of all current and former "project managers," "crew hand," or others who have performed duties similar to the duties performed by the Plaintiff for Defendant

4.      and paid a salary without any overtime compensation within the past three years (collectively referred to as the "Similarly Situated Employees").

## I.      PARTIES

5.      Plaintiff Justin Parham resides in Baytown, Texas. Parham was hired by Defendant in or about February 2016 in Deer Park, Texas to perform field service work, consisting of slug flushing, steam blows, chemical clean, lube oil flushing, and air blows, for multiple and different piping systems for Defendant and its clients. He was so employed until approximately May 2017.

6.      Defendant HydroChem LLC is a foreign limited liability company that operates throughout the United States, including in this judicial district.  Plaintiff requests that the United States District Clerk for the Southern District of Texas cause summons to be issued to the registered agent for service of process for HydroChem, as identified with the Texas Secretary of State, as follows:

**HydroChem LLC**
**c/o C T Corporation System, Registered Agent**
**1999 Bryan Street, Suite 900**
**Dallas, Texas 75201-3136**

Plaintiff requests that, upon issuance of the summons, the summons and attached Original Complaint be returned to the undersigned counsel so that they may be served through private process server on the registered agent, as identified above, pursuant to FED. R. CIV. P. 4(e)(1) and 4(h)(1)(A).

## JURISDICTION AND VENUE

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (the FLSA).

8.     Defendant's failure to pay Plaintiff overtime wages occurred in Deer Park, Texas. Therefore, this action is within the jurisdiction of the United States District Court for the Southern District of Texas and venue is proper in the Southern District of Texas, Houston Division.

9.     Defendant was Plaintiff's (and all others similarly situated) employer within the meaning of the FLSA.

## II.     ENTERPRISE AND INDIVIDUAL FLSA COVERAGE

10.    At all relevant times, Defendant employed at least two employees engaged in interstate commerce or in the production of goods or services for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or material that have been moved in or produced for interstate commerce; and has an annual gross volume of sales made or business done of not less than $500,000. Defendant, therefore, constitutes an enterprise engaged in interstate commerce or in the production of goods or services for interstate commerce within the meaning of the FLSA (29 U.S.C. §203(r) & (s)).

11.    In addition, in connection with his employment with Defendant, Plaintiff, and all others similarly situated, engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) & 207(a)(1)).

## III.     BACKGROUND AND STATEMENT OF CLAIMS

### A.     HydroChem is a Nationwide Employer of Project Managers like Plaintiff.

12.    HydroChem is an industrial cleaning solutions company to the petrochemical, oil refining, and energy end-markets that provides chemical cleaning throughout the United States, including in this judicial district.

13.    HydroChem employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that

have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

14.     HydroChem's annual gross volume of business exceeds $500,000.

15.     HydroChem required Parham and Similarly Situated Employees to sign an Agreement stating that the job of Project Manager was considered an exempt position for purposes of federal wage-hour law which means that you are not eligible for overtime pay for hours actually worked in excess of 40 in a given workweek. However, the position of Project Manager was not that of an exempt position.

16.     Plaintiff Parham was employed by Defendant to perform manual labor work that consisted of slug flushing, steam blows, chemical clean, lube oil flushing, and air blows, for multiple and different piping systems.

17.     The work of Parham (and of other Similarly Situated Employees) was supervised and directed by Defendant.

18.     Plaintiff Parham and other Similarly Situated Employees performed duties and had similar responsibilities. Plaintiff and the other Similarly Situated Employees were subject to the same policies and work rules implemented by Defendant.

**B.      HydroChem Pays Project Manager A Flat Salary With No Overtime.**

19.     HydroChem pays Plaintiff a bi-weekly rate and classifies them as exempt from the overtime pay mandates of the FLSA.

20.     Plaintiff often works in excess of forty hours per week each week.  For instance, Parham estimates that he worked at least twelve hours per day, seven days per week, on average for months at a time.

21.     HydroChem did not pay Plaintiff any compensation for hours worked over forty per work-week.

22.     HydroChem purposefully and knowingly misclassified Parham and other Similarly Situated Employees as "project managers" in an effort to avoid paying overtime wages.

23.     HydroChem would send 9-10 "project managers" to work on a site for weeks to months at a time. Parham and other Similarly Situated Employees would work 12 hours plus shifts a day. The work was supervised and approved by the Defendant's Project Engineer.

24.     HydroChem provided the work, shift schedules, the uniforms, the tools, the personal protective equipment, training, and access to job sites.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All individuals who are current or former non-exempt employees of HydroChem, LLC who performed work in the United States at any time between April 19, 2016 and the present, and who were paid pursuant to a daily rate compensation system (the "FLSA Class").

26.     Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

27.     Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to HydroChem previously described common business practices and, as a result of such practices, were not paid the full and FLSA-mandated overtime premium for hours worked over forty during the work-week. Resolution of this action requires inquiry into common facts, including, *inter alia*, HydroChem's common compensation, timekeeping and payroll practices for its salaried non-exempt employees.

-5-

28.     Specifically, HydroChem paid Plaintiff and the FLSA Class a set amount of pay per week, regardless of the number of hours worked, and failed to pay overtime compensation as required by law.

29.     Defendant's violations have been willful.

30.     There are questions of law and fact common to the class/collective.

31.     The claims or defenses of the representative, Plaintiff Parham, are typical of the claims or defenses of the class/collective.

32.     The representative, Plaintiff Parham, will fairly and adequately protect the interests of the collective/class.

33.     The similarly situated employees are uniquely known to HydroChem, are readily identifiable, and can be located through HydroChem's records. HydroChem employs many salaried non-exempt employees throughout the United States. These similarly situated employees may be readily notified of this action through direct United States mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

34.     Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class/collective members.

35.     There are no conflicts of interest among the class/collective members.

36.     Plaintiff's written Consent to this action is attached as **Exhibit 1** and  incorporated by this reference.

### IV.     COUNT I – VIOLATION OF THE FLSA

37.     All previous paragraphs are incorporated as though fully set forth herein.

38.     The FLSA requires that covered employees be compensated for every hour worked in the work-week.  *See* 29 U.S.C. § 206(b).

39.     The FLSA provides that, if an employee is a salaried and non-exempt that they be compensated for every hour worked in the excess of forty hours (40).

40.     Plaintiff and the other Similarly Situated Employees are entitled to overtime at a rate of an additional one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

41.     Plaintiff and the other Similarly Situated Employees have worked in excess of forty (40) hours in most workweeks within the past three years.

42.     HydroChem has failed to pay overtime to Plaintiff and the other Similarly Situated Employees for hours worked in excess of forty (40) hours in the workweeks of the past three years.

43.     Plaintiff and the other Similarly Situated Employees are further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

44.     HydroChem's failure to pay overtime was willful, thus entitling Plaintiff and the other Similarly Situated Employees to a three-year statute of limitations

45.     During all relevant times, Plaintiff and the other Similarly Situated Employees were covered employees entitled to the above-described FLSA protections.

## V.     JURY TRIAL DEMAND

46.     Plaintiff demands a trial by jury for all issues of fact.

## VI.     PRAYER FOR RELIEF

47.     Plaintiffs seek the following relief:

a.   Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former insurance adjusters and trainers, and that Notice therefore be distributed to all putative class/collective members;

b.   Order Defendant to pay damages, including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages;

c.   Pre-judgment and post-judgment interest to the fullest extent permitted under the law;

d.   Liquidated damages to the fullest extent permitted under the law;

e.   Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f.   Such other and further relief as this Court deems just and proper.

Dated: April 18, 2019

Respectfully submitted,


/s/ Luisa F. Calderon
Luisa F. Calderon
Texas Bar No. 24072018
Southern District I.D. No. 1448708
9 Greenway Plaza, Suite 500
Houston, Texas  77046
Telephone:  713-403-4200
Facsimile:  713-403-4201
Email:  lcalderon@fbfk.law

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

FERGUSON BRASWELL FRASER KUBASTA PC
9 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone:  713-403-4200
Facsimile:  713-403-4201

ATTORNEYS FOR PLAINTIFFS