IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN L. PARHAM,<br>Individually and on Behalf of All<br>Others Similarly Situated<br>　　*Plaintiff*<br><br>v.<br><br>HYDROCHEM, LLC<br>　　*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:19-cv-01413<br><br><br>COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT AND MOTION TO DISMISS

Defendant HydroChem, LLC ("HydroChem"), Plaintiff Justin Parham, and all Opt-in Plaintiffs, collectively, the "Parties," file this Joint Motion to Approve Settlement Agreement and would respectfully show the Court as follows:

**I.   SUMMARY**

The Parties, by and through their counsel of record, have mediated the claims alleged by Plaintiff and Opt-in Plaintiffs against the Defendant and agree that there is a bona fide dispute as to how much and whether Plaintiff and Opt-in Plaintiffs are entitled to compensation as a result of their claims for wages under the Fair Labor Standards Act ("FLSA").

The Parties now request that this Court approve the settlement as evidenced in the Parties' confidential Settlement Agreement ("Settlement Agreement")[1] as a fair and reasonable settlement.

---

[1] While the terms of the Settlement Agreement is summarized herein, the Parties have agreed to maintain the terms of the Agreement as confidential. As such, it is being filed as ***Exhibit A*** *under seal*. Such filing will allow the Parties to protect the confidentiality of the specific terms of the Settlement Agreements by avoiding any requirement that the document itself be made a matter of public record.

## II.     RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff and Opt-in Plaintiffs filed this action on April 18, 2019 [Doc. 1] asserting claims for unpaid overtime they allege are owed under the Fair Labor Standards Act (FLSA) against HydroChem. Defendant denied, and continues to deny, any violation of the FLSA.

Following the completion of discovery, the parties engaged in settlement negotiations through their respective counsel. The Parties have reached a confidential settlement.

## III.    ARGUMENTS AND AUTHORITIES

An FLSA claim, except in two circumstances, cannot be waived or settled. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The exceptions are 1) that the Secretary of Labor can supervise the payment of back wages, or, 2) that the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 215(b); *see Villeda v. Landry's Restaurants, Inc.*, CIV.A H-08-2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009). By this Motion, the Plaintiff, Opt-Ins and Defendant request this Court to approve the Parties' settlement agreement, attached as **Exhibit A**, which is being *filed under seal*.

Here, throughout litigation and settlement of this action, all Parties were represented by experienced counsel. Settlement was achieved in an adversarial context, which was negotiated at arm's length, which included mediation, and the Parties stipulate that the settlement provisions are fair and reasonable. Accordingly, the settlement reflects a reasonable compromise regarding bona fide disputes between the Parties with respect to liability and the amount of same under the FLSA. *See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982). The Parties have voluntarily agreed to a proposed settlement in order to avoid the necessity, expense, inconvenience and uncertainty of litigation. In exchange for the sums to be received by each

Plaintiff and Opt-In, each Plaintiff and Opt-In shall, as a condition precedent, execute and return a release of claims in the manner negotiated by the parties and also apply all relevant tax forms to counsel for the Defendant.

Counsel for the Parties believe that settlement is in the best interests of their respective clients. For these reasons, the Parties respectfully request the Court approve their settlement as to the Plaintiff and Opt-Ins identified herein. The Parties' Confidential Settlement Agreement is contingent upon this Court's approval of the same.

As set forth above, Plaintiff and Opt-Ins participating in this litigation and Defendant have settled their claims in this case as described in the Settlement Agreement submitted with this Motion *under seal* and executed by counsel on behalf of the Plaintiff and Opt-Ins and Defendant.

WHEREFORE, for all the foregoing reasons, the undersigned Parties request that this Court enter an order approving the Confidential Settlement Agreement, and dismissing this case in its entirety, with prejudice.

        Respectfully submitted,

        DAX F. GARZA, PC

        */s/ Luisa F. Calderon signed by permission JMC*
        Luisa F. Calderon
        Texas Bar No. 24072018
        Federal ID: 1448708
        One City Centre
        1021 Main Street, Suite 1400
        Houston, Texas 77002
        Telephone: (713) 522-3000
        Facsimile:  (713) 522-3001
        Email:  lcalderon@daxgarzalaw.com

        Attorney in Charge for Plaintiffs

and

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

*/s/ W. Jackson Wisdom*
W. Jackson Wisdom
State Bar No. 21804025
Federal ID:  13756
wisdom@mdjwlaw.com
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

ATTORNEY IN CHARGE FOR
HYDROCHEM, LLC

OF COUNSEL:
James M. Cleary, Jr.
State Bar No. 00783838
Federal ID No. 15499
*cleary@mdjwlaw.com*
Sylvia Ngo
State Bar No. 24067100
Fed ID No. 1146305
Martin, Disiere Jefferson & Wisdom, L.L.P.
808 Travis, Suite 1100
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded *via* e-filing pursuant to Fed. R. Civ. P. 5, on this the 9th day of January 2020 to all counsel of record.

Luisa F. Calderon
DAX F. GARZA, P.C.
1021 Main Street, Suite 1400
Houston, Texas 77002

*/s/ James M. Cleary, Jr.*
James M. Cleary, Jr.